UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charlton Javier Dowling, #6122;<br><br>                    Plaintiff;<br><br>vs.<br><br>State of South Carolina;<br>Paul W. Garfinkle;<br>South Carolina Department of Social Services,<br><br>                    Defendants. | C/A No. 0:06-1309-PMD-BM<br><br>Report and Recommendation |

       The Plaintiff, Charlton Javier Dowling, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff is in the Charleston County Detention Center serving a sentence on a Family Court bench warrant, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that (1) he should have been appointed an attorney; (2) he should have been offered a jury trial; (3) the Family Court Judge was not impartial; and (4) he is entitled to damages. The complaint names the State of South Carolina, Paul W. Garfinkle, and the South Carolina Department of Social Services as Defendants.

       Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).



Since Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  Even under this less stringent standard, however, the undersigned finds for the reasons set forth hereinbelow that this *pro se* Complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff fails to name a defendant amenable to suit under § 1983.  The State of South Carolina and the South Carolina Department of Social Services are entitled to summary dismissal because they are immune from suit under the Eleventh Amendment to the United States Constitution while the Defendant Garfinkle is entitled to summary dismissal because he has absolute immunity with respect to his judicial acts.

The Eleventh Amendment to the United States Constitution provides that " [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 US 1 (1889), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Therefore, the Eleventh Amendment divests this Court of jurisdiction to entertain a suit



brought against an unconsenting state in favor of a citizen of that state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Edelman v. Jordan*, 415 U.S.651, 663 (1974).

Eleventh Amendment immunity also "extends to 'arms of the State', including state agencies and state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, (4th Cir. 1996) (citations omitted). Therefore, the South Carolina Department of Social Services, as a state agency, is also immune from a suit for damages pursuant to the Eleventh Amendment.

Finally, judges have absolute immunity from claims for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). South Carolina Family Court judges are judges in the State of South Carolina's unified judicial system. *See Spartanburg County Dep't of Soc. Servs. v. Padgett*, 370 S.E. 2d 872 (S.C. 1988). Therefore, Defendant Garfinkle, a South Carolina Family Court Judge for the Ninth Judicial Circuit, has absolute immunity with respect to his judicial acts in Plaintiff's Family Court case.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519.

**Plaintiff's attention is directed to the important notice on the next page.**

3



Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

May 18, 2006
Columbia, South Carolina



## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
