IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charlton Javier Dowling,        )<br>    Plaintiff,        )<br>                                             )<br>vs.                                      )<br>                                             )<br>State of South Carolina, Paul W. Garfinkle, )<br>and South Carolina Department of Social )<br>Services,                              )<br>    Defendant.        )<br>_____) | C.A. No. 0:06-1309-PMD-BM<br><br>**ORDER** |

Plaintiff Charlton Javier Dowling ("Plaintiff") brought this action *pro se* pursuant to 42 U.S.C. § 1983. This matter is before the court upon Plaintiff's objections to the Magistrate Judge's recommendation that Plaintiff's action be dismissed. The record contains the report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A plaintiff may object in writing to a R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff has filed timely objections to the R&R.

## I. BACKGROUND

Plaintiff is serving a sentence in the Charleston County Detention Center on a Family Court bench warrant. Plaintiff's claims arise from alleged constitutional violations occurring during a Family Court hearing on January 17, 2006. Plaintiff, who was the defendant at that hearing, was not appointed an attorney and therefore represented himself. Plaintiff claims that Judge Garfinkle was partial during the hearing and improperly acted as the attorney for the plaintiff as well as the Judge. Lastly, Plaintiff alleges that South Carolina Department of Social Services failed to entertain his grievance and that the hearing was a sham.

In this *pro se* action brought under 42 U.S.C. § 1983, Plaintiff claims that he was denied

his constitutional right to a fair trial.  He asserts that (1) he should have been appointed an attorney; (2) he should have been offered a jury trial; (3) the Family Court Judge failed to act impartially; (4) the Department of Social Services refused to entertain grievances presented by him; and (5) as a result, he is entitled to damages under section 1983.  Plaintiff named the State of South Carolina, the Charleston County Family Court Judge Paul W. Garfinkle, and the South Carolina Department of Social Services as Defendants.

## II. STANDARD OF REVIEW

The Magistrate Judge considers the evidence before him and makes a recommendation to the court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636 (b)(1).  The R&R accurately summarizes the facts and applies the correct principles of law.  Accordingly, the court adopts the R&R and incorporates it into this order.

## III. ANALYSIS

In his R&R, the Magistrate Judge found that all claims should be dismissed because Plaintiff fails to name a defendant amenable to suit under § 1983.  Plaintiff objects to the Magistrate's conclusion that his claims against the State of South Carolina, South Carolina Department of Social Services, and Judge Garfinkle should be dismissed.  Plaintiff objects to the Magistrate's recommendation that his claims against the State of South Carolina and the South Carolina Department of Social Services are barred by the Eleventh Amendment.  More

specifically, Plaintiff argues that under the First Amendment of the Constitution he, *inter alia*, may "petition the government for redress of grievances." (Objections at 2.) He claims that "State Agencies and it's [sic] officers have a duty to act with reasonable care and failed in that duty," and that the First Amendment of the Constitution "allows for a redress of grievances." (Objections at 3.) Plaintiff also objects to the Magistrate Judge's conclusion that Judge Garfinkle has absolute immunity with respect to his judicial acts. Plaintiff asserts that "no judge has absolute immunity" under Article VI of the Constitution because judges in every state shall be bound by the Constitution.

Plaintiff's objections are without merit. As the Magistrate correctly stated, Plaintiff has failed to name a defendant amenable to suit under 42 U.S.C. § 1983. The State of South Carolina and the South Carolina Department of Social Services are entitled to summary dismissal because they are immune from suit under the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, absent the state's waiver or consent, the Eleventh Amendment bars suit directly against a state such as South Carolina. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is also well established that the South Carolina Department of Social Services, as an arm of the state, is also immune from a suit for damages under the Eleventh Amendment. *See Coffin v. South Carolina Dept. of Social Services*, 562 F.Supp. 579, 583 (D.C.S.C. 1983) ( holding that the State Department of Social Services (DSS) is a state agency and therefore entitled to Eleventh Amendment immunity).

Similarly, it is well established that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S.9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). As such, the Magistrate correctly recommended that the claims against Defendant Judge Garfinkle be dismissed as he has absolute judicial immunity from suit.

## IV. CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons that Plaintiff's action for civil rights relief pursuant to 42 U.S.C. Section 1983 is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 20, 2006.**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.